FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
3/4/2015 8:03:26 PM
KEITH E. HOTTLE
Clerk


ACCEPTED
04-14-00729-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/4/2015 8:03:26 PM
KEITH HOTTLE
CLERK

# IN THE 4TH COURT OF APPEALS

## STATE OF TEXAS

## CASE NUMBER 04-14-00729-CV

### JEREMIAH TROMBLY

### PLAINTIFF-APPELLANT

vs

### UNITED STATES AIR FORCE

### DEFENDANTS-APPELLEE

Appeal from the 198th Judicial District Court
Bandera County, Texas

Appeal from the Texas Workforce Commission Unemployment Hearing

## MOTION REQUESTING THE COURT TO RECONSIDER ORAL ARGUMENT DETERMINATION

Jeremiah Trombly
Pro Se
366 Luther Lane
Pipe Creek, Texas 78063
(210)722-1175
jdtrombly@gmail.com

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

APPELLANTS/PLAINTIFFS

    JEREMIAH TROMBLY

COUNSEL FOR APPELLANTS

    PRO SE
    366 LUTHER LANE
    PIPE CREEK, TX 78063
    (210)722-1175
    jdtrombly@gmail.com

APPELLEES/DEFENDANT

    UNITED STATES AIR FORCE
    502ND SECURITY FORCES SQUADRON

COUNSEL FOR APPELLEES

    ROBERT SHAW-MEADOW
    US ATTORNEY'S OFFICE WDTX
    601 NEW LOOP 410, STE 800
    SAN ANTONIO, TX 78216-5510

    RICHARD JOHNSON
    HUMAN RESOURCE SPECIALIST
    UNEMPLOYMENT COMPENSATION
    HQ AFPC/DPIEPC UCFE
    JBSA Randolph, TX 78150
    Comm: 210-565-5040
    Comm Fax: 210-565-2951

Index of Authorities

Jeremiah Trombly vs Department of the Air Force
        Merit System Protection Board, 2014, Federal Court

Texas Administrative Code 40 T.A.C. 815.17- Motion for Rehearing Criteria

Texas Workforce Commission Appeal Officer Handbook

Texas Unemployment Compensation Act, Section 207.044- Discharge for Misconduct

## Motion for Reconsideration

I, Jeremiah Trombly, have received the Court's decision to proceed without oral argument, and am respectfully requesting a reconsideration of this decision. Based on the requirements set out by the Texas Workforce Commission, Section 416 of the Appeal Hearing Officer Handbook, the Texas Workforce Commission made its decision of misconduct based solely on the Substantial Evidence Rule. This decision was backed by *Railroad Commission v. Shell Oil Company*, 161 S.W. 2d 1022, 1029 (Texas Sup. Ct., 1942), following the policies introduced by, and testimony given by the terminating official- Stephen Kampman.

In Jeremiah Trombly v Department of the Air Force (before the Merit System Protection Board, heard 17 and 18 November 2014), the terminating official's policy references were both invalidated and his testimony was deemed not only incorrect, but his supervisor and legal representative both testified they instructed him not to provide that testimony. Therefore it is imperative the matter is fully heard in Oral Arguments. Because I, Jeremiah Trombly, am Pro-Se, it is highly plausible I have missed some manner of evidence introduction in my Appellant Brief, or this motion. Oral Arguments are the only chance I have of properly introducing transcripts from the MSPB Case of Jeremiah Trombly v Department of the Air Force to show that not only did the terminating official intentionally provide false testimony, but that the evidence used to support the Texas Workforce Commission's ruling was not valid as others representing the Department of the Air Force have now testified.

While the facts will not change in Oral Argument from what has already been presented, Oral Argument will allow for a proper review of the testimony and evidence that was utilized by the Department of the Air Force, as well as a comparison to the blatantly contradictory evidence the Department of the Air Force then provided to a Federal Judge in the matter of Jeremiah Trombly v Department of the Air Force before the MSPB.

Attached with this Motion is a copy of the Appellant Brief that was previously submitted. This motion will be submitted electronically, as well as by email and mail to the Appellee. All efforts to have paper copies in the Appellee's hand within the 10 day time frame are being made, however the notice by the Court dated 26 Februrary 2015, was postmarked 3 March 2015, delaying a response by several days.

Respectfully Submitted,

Jeremiah D. Trombly

Pro Se

(210)722-1175

jdtrombly@gmail.com

4 March 2015

v

IN THE 4TH COURT OF APPEALS

STATE OF TEXAS

CASE NUMBER 04-14-00729-CV

JEREMIAH TROMBLY

PLAINTIFF-APPELLANT

vs

UNITED STATES AIR FORCE

DEFENDANTS-APPELLEE

Appeal from the 198th Judicial District Court
Bandera County, Texas

Appeal from the Texas Workforce Commission Unemployment Hearing

BRIEF FOR APPELLANTS

Jeremiah Trombly
Pro Se
366 Luther Lane
Pipe Creek, Texas 78063
(210)722-1175
jdtrombly@gmail.com

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

APPELLANTS/PLAINTIFFS

    JEREMIAH TROMBLY

COUNSEL FOR APPELLANTS

    PRO SE
    366 LUTHER LANE
    PIPE CREEK, TX 78063
    (210)722-1175
    jdtrombly@gmail.com

APPELLEES/DEFENDANT

    UNITED STATES AIR FORCE
    502ND SECURITY FORCES SQUADRON

COUNSEL FOR APPELLEES

    RICHARD JOHNSON
    HUMAN RESOURCE SPECIALIST
    UNEMPLOYMENT COMPENSATION
    HQ AFPC/DPIEPC UCFE
    JBSA Randolph, TX 78150
    Comm: 210-565-5040
    Comm Fax: 210-565-2951

# TABLE OF CONTENTS

INDENTITY OF PARTIES AND COUNSEL      i

TABLE OF CONTENTS      ii

INDEX OF AUTHORITIES      iii

STATEMENT OF THE CASE      iv

ISSUES PRESENTED      v

STANDARD OF REVIEW      v

ARGUMENT      vi

CONCLUSION AND PRAYER      vi

## Index of Authorities

Jeremiah Trombly vs Department of the Air Force
    Merit System Protection Board, 2014, Federal Court

Texas Administrative Code 40 T.A.C. 815.17- Motion for Rehearing Criteria

Texas Unemployment Compensation Act, Section 207.044- Discharge for Misconduct

In previous testimony before the Texas Workforce Commission, the Department of the Air Force presented Stephen Kampman as the Terminating Official and lead witness in the matter of the termination of Jeremiah D. Trombly. Mr. Kampman went to great lengths to emphasize that Mr. Trombly was terminated due to violating Posse Comitatus, and that an internal investigation by the Agency concluded this violation occurred. Further Mr. Kampman testified that the investigation determined that Mr. Trombly had left his area of responsibility and had conducted an unauthorized traffic stop, outside of his jurisdiction, while serving as a Police Officer. Finally, he testified that Mr. Trombly had failed to properly document the traffic stop.

This alleged violation of the Posse Comitatus Act by Mr. Trombly was listed as the reason Mr. Trombly was no longer eligible for unemployment benefits, as it was an act of Misconduct, and the discharge was appropriate.

Following the hearing with the Texas Workforce Commission, the Federal Office of Personnel Management issued a report showing that the investigation was never completed prior to termination. Additionally, in November 2014, before a Federal Judge, Mr. Kampman again made testimony of the above matters. However, in subsequent testimony, Mr. Kampman's first line supervisor, Matthew Barido, and Second Line Supervisor, Alberto Jorge-Sanchez, both provided testimony strongly contradicting the findings that Mr. Kampman testified were made. Finally, the Labor Relations Department for the Agency testified that before Mr. Kampman issued notice of termination, he was specifically told that Posse Comitatus was not violated, and that a Legal review regarding the Posse Comitatus matter, had made this termination.

Mr. Kampman closed his testimony and cross examination stating under oath that the termination notice was invalid, and in need of changing. He testified that there were numerous discrepancies with it and that his testimony with the state of Texas would need to be amended. Mr.

Kampman made no subsequent attempts to change his testimony.

Prior to the November 2014 Federal Hearing, the Air Force- represented by a Mr. Larry Lynch, had attempted settlement with Mr. Trombly, which included reinstatement. However, the agency failed to provide any written terms of reinstatement, and the agencies representative testified to the Federal Judge that settlement was not completed. This oral offer to settle, and subsequent failure to provide any written offer, prevented Mr. Trombly from having a timely submission in regards to his appeal with the State of Texas. The offer to settle is documented in testimony by the legal representative for the US Air Force before the Merit System Protection Board.

## Issues Presented

The Department of the Air Force did not meet the burden of proof that misconduct occurred. Rather, it blatantly perjured itself by testifying that Mr. Trombly had violated a federal statute as the basis for misconduct, when in fact the agency had already been informed on numerous occasions that such a violation did not occur. Further, the agency violated due process by representing its case in writing, then appearing in state and federal hearings offering varying testimony as to the reasons for termination. Additionally, the Agency, in its argument to the Texas Workforce Commission, was unable to provide a written policy that was violated by Mr. Trombly, warranting termination, and stated that the actions Mr. Trombly took, have not resulted in termination for previous employees. As such, the Agency failed to meet the burden of proof necessary to establish misconduct was the basis for termination, and as such, unemployment benefits should not be afforded to Mr. Trombly.

## Standard of Review

40 TAC 815.17 states that a motion for rehearing can be granted if new and compelling evidence is presented with a compelling reason why it was not presented earlier and a specific explanation of how it would change the outcome. However, the Texas Workforce Commission would not grant a rehearing when evidence that the Agency never completed their alleged investigation was

v

presented. It was not presented at the original hearing, because the findings had not yet been released by the Office of Personnel Management.

Chapter 212 of Texas Unemployment Compensation Act provides in Subchapter E that a party aggrieved by a final decision of the Commission may obtain judicial review of the decision by bringing an action against the Commission in a court of competent jurisdiction. Such action must be brought between the 15th and the 28th day after the date of the Commission decision. Because the Department of the Air Force alleged they intended to settle the matter, such a review was not filed under after the 35th day, and the matter was summarily dismissed by the 198th District Court.

## Argument

The Texas Workforce Commission made a decision based on the testimony presented by the Department of the Air Force. Subsequent testimony, in separate hearings and Federal Investigations has shown this testimony to be falsely provided. Though the Commission was provided notice of this, they failed to issue a rehearing and referred the matter for a De Novo Review before a District Court.

The District Court dismissed the matter due a time frame that was not met. The petition to the District Court indicated extenuating circumstances existed in that the Department of the Air Force had offered to independently settle the matter, but then failed to provide a written settlement, delaying any timely filing.

## Conclusion and Prayer

For these reasons, appellant Jeremiah D. Trombly respectfully requests that this Court reverses the Texas Workforce Commissions decision to withhold unemployment compensation from Mr. Trombly.

Alternatively, if the Court holds that appellant's petition does not contain sufficient facts to affirmatively demonstrate the Workforce Commission failed to take consideration of evidence provided, appellant requests a remand and an opportunity to amend. Appellant also requests all other

relief to which he may show himself justly entitled.

Respectfully Submitted,

Jeremiah D. Trombly

Pro Se

(210)722-1175

jdtrombly@gmail.com

22 December 2014